GEORGE P. HANNAWALT v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

**Evidence:** CONTRACTS. A medical examiner appointed by a life insurance company under an agreement by the company to pay him a specified amount for each applicant examined, is not affected by a provision in a subsequent contract between the company and its general agent, requiring the latter to pay for all medical examinations out of a certain per cent. of the first year's premiums allowed him for that purpose, nor by the fact that the agent, after the services were rendered, furnished the company with a memorandum of unpaid bills which did not include one for medical examinations, nor by a settlement between the company and its agent by which the latter agreed to pay the bills for medical examinations; and evidence of such matters is inadmissible against him in an action against the company to recover for his services, where he was not aware of such provision or of the transactions between the company and its agent.

**SAME:** *Estoppel.* Declarations of a general agent of an insurance company to a medical examiner that the company desired him to hold his bill for examination fees until the finances improved, made in connection with his statement that the only way the examiner could get the money for present use was to accept the agent's note and indorse it in blank until the collections came in, are admissible, irrespective of the scope of the agent's authority, where the company claims the acceptance of the agent's note by the examiner as a payment or an estoppel.

**JURY QUESTION.** The question whether or not the plaintiff received the note of the third person in payment of the debt of defendant, may be withdrawn from the jury where plaintiff's positive testimony that he did not receive it in payment is not contradicted, and is corroborated by all the circumstances,

*Appeal from Polk District Court.*—HON. W. F. CON-
RAD, Judge.

TUESDAY, OCTOBER 5, 1897.

THE plaintiff, for cause of action, alleged, in sub-
stance, as follows: That the defendant is a corpora-
tion organized under the laws of the state of New
York, and engaged in the business of life insurance;
that plaintiff is a physician and surgeon engaged in
practicing at Des Moines, Iowa; that prior to January
1, 1891, he was appointed by the defendant to examine
applicants for insurance, under an agreement that the
defendant would pay him five dollars for each person
examined; that in pursuance of said agreement he
did, during the period commencing with January,
1891, and ending with October, 1893, examine two
hundred applicants, by reason of which there became
due to him from the defendant one thousand dollars,
with interest thereon from July 1, 1892, which sum is
now due and wholly unpaid, and for which he asks
judgment. The defendant answered, admitting its
corporate capacity, the employment of the plaintiff as
alleged, and that during the period named the plaintiff
did examine two hundred applicants, but denies any
indebtedness. The defendant alleges as defense, in
substance, as follows: That under a contract between
one L. B. Durstine and the defendant said Durstine
received a certain percentage of the first year's pre-
miums collected by him during the year 1891, and was
to pay the fees of all medical examinations in connec-
tion with the business of his agency during such time,
and that the examinations made by plaintiff were
made at the instance and request of said Durstine;
that on the seventh day of May, 1892, the plaintiff
received the note of said Durstine in full satisfaction

of his charge against the defendant for said examinations; that defendant settled with said Durstine for the business of said year without deducting the amount due plaintiff for the examinations made by him as aforesaid, upon the belief on its part that the representations made to it by said Durstine that said bill had been paid by said note were true; that when advised by plaintiff that neither said note nor the renewals thereof had been paid by said Durstine, the said Durstine was insolvent, and defendant was without any remedy for the recovery of the amount of plaintiff's bill from said Durstine; wherefore defendant contends that plaintiff is now estopped from making any demand against it on account of said examinations. The case was tried to a jury, and at the conclusion of the evidence the court, on motion of the plaintiff, instructed the jury to return a verdict for the plaintiff, and verdict and judgment for one thousand one hundred dollars was rendered accordingly. Defendant appeals.—*Affirmed.*

*Berryhill & Henry* for appellant.

*Guernsey & Baily* for appellee.

GIVEN, J.—I. Appellant presents two questions, namely, whether the court erred in not submitting to the jury the question whether the notes of Durstine received by plaintiff were received in payment of his bill for medical examinations, and whether the court erred in rejecting certain evidence offered by the defendant in support of its defense of estoppel. It appears without conflict that for some time prior to 1891 the defendant was engaged in the business of life insurance, its principal office being in the city of New York. The plaintiff, a resident physician in the city of Des Moines, was employed as examining physician

at that city under an agreement that the defendant would pay for that service five dollars for each applicant examined. For services rendered prior to January, 1891, the plaintiff forwarded his bills to the office in New York, and they were paid by checks from that office. The defendant having established a branch office in the city of Des Moines, with L. B. Durstine as general manager for Iowa, the plaintiff thereafter rendered his bills to that office.' The plaintiff alone was examined touching the alleged payment, and the following is the substance of his testimony on that subject: That Durstine represented to him that the collections in connection with the Des Moines office were slow, and that they desired time, and requested that plaintiff hold his bill until things got easier; that the bill for 1891 was not rendered until about May, 1892; that Durstine represented that the funds were such that they could not then pay the bill, and that the only way plaintiff could get the money was to indorse a note in blank until such time as the money came in, and he (Durstine) executed his promissory note for one thousand dollars payable to the plaintiff sixty days after date, at Des Moines National Bank, with eight per cent. interest. This note Durstine took to the plaintiff, who indorsed it, guarantying payment, and waiving notice and protest. Durstine then took the note to the Polk County Savings Bank, by which it was purchased at the face value, and for which Durstine received a certificate of deposit which he delivered to the plaintiff, and which plaintiff thereafter used. This note was twice renewed, Durstine executing and plaintiff indorsing each renewal. Durstine paid the interest on these notes up to September 1, 1893, and, being thereafter insolvent, plaintiff had to pay the last note and interest.

II. We first inquire whether the court erred in rejecting the evidence by defendant. The defendant

offered the written contract between itself and L. B.
Durstine under which Durstine was employed.    Of
this lengthy instrument it is only necessary to notice
that Durstine was to canvass personally, and through
subordinates, for applications for insurance on the
lives of individuals; that he was to be compensated
by a certain per cent. on premiums on policies issued
through his instrumentality, and that he was to devote
his entire time and energy to that service.    Said
instrument contains this provision:    "The said society
agrees to allow the said party of the second part, dur-
ing the year 1891, for expenses, —— per cent. of the
first year's premiums, which shall be in lieu of all
expenses of every kind and nature whatsoever, charg-
able to said society, including rent of office, clerical
hire, cost of medical examinations, county, state, and
city licenses to agents, and a reasonable amount of
advertising."    This offer was objected to as incompe-
tent, irrelevant, and immaterial, "because it is not
claimed that the plaintiff had any knowledge of the
provisions of the contract."    The objection was sus-
tained.    In this connection the defendant also offered
to prove by Mr. Curran, inspector of accounts for
defendant, that in October, 1892, he inspected the
accounts of Durstine; "that in such inspection he
called upon Durstine, or his employes, for a statement
of the unpaid medical examiner's bills for his agency;
that he was furnished a memorandum of such unpaid
bills, and the bill of Dr. Hannawalt was not included
therein."    It was said:    "The defendant, in making this
offer, states that it does not expect to prove that the
plaintiff knew what was upon the books of L. B. Durs-
tine with respect to the account in question."    It was
further stated that defendant offered to prove by this
witness that in October, 1892, he received for the
defendant from Durstine four thousand five hundred
and sixty-four dollars in payment of a balance due

the defendant at that time; that this did not include anything on unpaid medical examiner's bills, but that Durstine at that time agreed to pay these bills by the last of December of that year. Objections to these offers were sustained on the ground that they were incompetent as against the plaintiff, he having no knowledge of the matter sought to be proven. It being conceded that the plaintiff had no knowledge of the provisions of the contract offered, nor of the examination made by Mr. Curran, nor the settlement between him and Durstine, it is clear that he was not bound thereby, and that these facts in no wise constitute an estoppel against the plaintiff to make claim for compensation from the defendant. Plaintiff's contract for compensation was with the defendant, and not with Durstine. He had no knowledge of the agreement of Durstine with the defendant to pay for these medical examinations, and was not, therefore, bound to look to Durstine for his compensation. Plaintiff made no representatons that misled Mr. Curran in his examination of Durstine's accounts, nor in the settlement that he made with him. We think it entirely clear that this evidence was incompetent as against this plaintiff, and that there was no error in excluding it.

III. Appellant contends that, notwithstanding the positive testimony of the plaintiff, that he did not receive the note of Durstine in payment of his bill, yet, under all the circumstances disclosed, the question whether he did so receive the note should have been submitted to the jury. It is argued that there is no evidence to show that Durstine had authority to bind the defendant by his declarations made to the plaintiff concerning the financial condition of the defendant or of the Des Moines agency. The declarations of Durstine constitute a part of the transaction upon which the claim of payment and

estoppel are based, and are not dependent upon the scope of the authority of Durstine. We will not discuss the evidence on this question further than to say, that we think a verdict for the defendant could not have been sustained under it. The testimony of the plaintiff stands uncontradicted, either by other witnesses or by the circumstances, wherein he says he did not accept the notes, or either of them, in payment of his bill. Our conclusion is, that the judgment of the district court should be AFFIRMED.